IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-111-5H
No. 5:20-CV-10-H

TYCOREY JAMAL TABORN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's pro se motion to vacate pursuant to 28 U.S.C. § 2255, [DE #441]. The government filed a motion to dismiss, [DE #446], to which petitioner responded, [DE #468]. Petitioner additionally filed a motion to appoint counsel, [DE #459]; a motion to hold in abeyance, [DE #460], and a motion to withdraw, [DE #461].

Petitioner filed three letters requesting the court to hold the government's motion to dismiss in abeyance as petitioner had difficulty obtaining documents. [DE #453, #454, and #457]. Petitioner has since filed various motions as well as a response to the government's motion to dismiss. This matter is ripe for adjudication.

### BACKGROUND

On December 4, 2017, petitioner pled guilty pursuant to a written memorandum of plea agreement, to carjacking and aiding and

abetting, in violation of 18 U.S.C. §§ 2119 and 2 (Count Eight); and brandishing a firearm in furtherance of a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Nine). On February 12, 2019, the court sentenced petitioner to a total term of imprisonment of 180 months. Petitioner filed a notice of appeal, and his later motion to voluntarily dismiss the appeal was granted by the Fourth Circuit Court of Appeals. [DE #425].

On January 10, 2020, petitioner timely filed the instant motion pursuant to 28 U.S.C. § 2255, [DE #441], in light of United States v. Davis, 139 S. Ct. 2319 (2019), arguing his § 924(c) conviction should be vacated because the residual clause of § 924(c) is unconstitutionally vague; that aiding and abetting carjacking does not constitute a crime of violence even under the force clause; and his counsel rendered ineffective assistance. [DE #441 at 4 and DE #468].

## COURT'S DISCUSSION

I.  Motion to Vacate

Petitioner first contends his carjacking offense is not a crime of violence because the residual clause of 18 U.S.C. § 924(c)(3)(B) has been invalidated. Indeed, the Supreme Court's ruling in Davis invalidated the residual clause of 18 U.S.C. § 924(c)(3)(B). Davis, 139 S. Ct. at 2323-24. However, carjacking is a crime of violence under the "force clause" of 18 U.S.C. §

2

924(c)(3)(A). United States v. Evans, 848 F.3d 242, 244 (2017) ("[T]he carjacking statute, [18 U.S.C. § 2119] qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threated use of physical force against the person or property of another.'") (quoting 18 U.S.C. § 924(c)(3)(A)). Therefore, under existing Fourth Circuit precedent, carjacking is a crime of violence and petitioner's argument is without merit.

Petitioner, in his response, additionally contends that even under the force clause, his conviction is not a crime of violence as he was convicted of aiding and abetting carjacking pursuant to 18 U.S.C. §§ 2119 and 2. He argues that aiding and abetting "does not possess the elements of 18 U.S.C. § 924(c)(3)(A)" and that "aiding and abetting can be accomplished in ways that do not require the use, attempted use, or threatened use of physical force against a person o[r] property." [DE #468 at 4, 5].

While the Fourth Circuit has not ruled on this precise issue, all the circuits to have considered this question have found that aiding and abetting a crime of violence is still a crime of violence. See United States v. Brayboy, 789 F. App'x 384, 385 (4th Cir. Jan. 9, 2020) (collecting cases)(affirming district court where defendant was convicted under § 924(c) for discharging a firearm in furtherance of the crime of aiding and abetting Hobbs

3

Act robbery but noting that defendant did not preserve the issue for appeal and therefore defendant had to show plain error).

Petitioner's contention that aiding and abetting does not satisfy the elements of the force clause and can be accomplished in ways that do not require the use, attempted use, or threatened use of physical force against a person or property is analogous to the argument made by the defendant in a recent Fourth Circuit decision. See United States v. Dinkins, 928 F.3d 349, 359 (4th Cir. 2019) (rejecting defendant's argument that accessory before the fact of armed robbery could not satisfy the force clause of the ACCA because the force clause requires proof that the defendant himself used force, and noting "[t]o hold otherwise would suggest that one who was present aiding and abetting the commission of a crime requiring the use of force, but who did not himself exert any force, could not have committed a predicate offense under the ACCA."). The Fourth Circuit held accessory before the fact of armed robbery is a violent felony because "a completed act of armed robbery is an element of the offense of being an accessory before the fact of armed robbery under North Carolina law." Dinkins, 928 F.3d at 359.

Similarly, petitioner was convicted of aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119(a) and 2. As discussed supra, carjacking is a crime of violence. Commission of carjacking by another that was aided and abetted by the defendant

4

is an element of aiding and abetting carjacking. See United States v. Moye, 454 F.3d 390, 399-402 (4th Cir. 2006) (affirming the district court's aiding and abetting instruction, noting "the court instructed the jury concerning the four aiding and abetting elements the government was required to prove beyond a reasonable doubt, one of those being that 'the crime charged was in fact committed by someone other than the defendant.'"). A principal and an aider and abettor are held equally accountable under the law. 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). As the Fourth Circuit reasoned in Dinkins, because the completed act of carjacking, a crime of violence, is an element of aiding and abetting carjacking, it follows that aiding and abetting carjacking is a crime of violence.

The court finds defendant's argument that aiding and abetting carjacking is not a crime of violence is without merit.

Finally, Petitioner contends counsel rendered ineffective assistance. [DE #468 at 4]. To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. Second, petitioner "must show that there is a

5

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

"Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (additional citations omitted)). As to ineffective assistance of counsel, petitioner has not alleged any facts to support either that counsel's performance fell below the standard of reasonably effective assistance or that counsel's performance prejudiced petitioner. Strickland, 466 U.S. at 687-94. Therefore, this argument is without merit.

II. Additional Motions

For lack of good cause shown, petitioner's motion to appoint counsel, [DE #459], and motion to hold in abeyance due to COVID-19, [DE #460], are DENIED. Petitioner's motion to withdraw his § 2255, [DE #461], is considered MOOT as he has filed a response to the government's motion to dismiss subsequent to his motion to withdraw.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #446], is GRANTED. Petitioner's motion to vacate,

6

[DE #441], is DISMISSED. Petitioner's motion to appoint counsel, [DE #459] and motion to hold in abeyance, [DE #460], are DENIED. Petitioner's motion to withdraw his motion to vacate, [DE #461], is TERMINATED AS MOOT. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 6th day of July 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35